UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALFRED J. FIELDS**                                                              **CIVIL ACTION**

**VERSUS**                                                                         **NO. 13-169-DEK**

**ORLEANS PARISH SHERIFF, ET AL.**

### ORDER AND REASONS

Plaintiff, Alfred J. Fields, filed this complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman and the Orleans Parish Prison. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

In the complaint, plaintiff alleged that, while he was incarcerated within the Orleans Parish Prison system, the medical care was inadequate. For example, after he fell and injured his arm, he received no medical attention other than a band-aid supplied by a deputy. Although he requested a tetanus shot, no such shot was given. Plaintiff also complained that haircuts at the jail were performed by unqualified inmates using equipment which had not been sanitized. Lastly, he complained that inmates served the food at the prison, a practice which led to favoritism and violence.

---

[1] Rec. Doc. 11.

The defendants have filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[2]  Plaintiff has opposed that motion.[3]

"A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)."  <u>In re</u> Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209-10 (5th Cir. 2010).  Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level.  In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.

<u>Id</u>. at 210 (citations, quotation marks, and brackets omitted).

### I.  Claims Against the Orleans Parish Prison

As an initial matter, the defendants correctly note in their motion that the Orleans Parish Prison is not a proper defendant.  Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

[2] Rec. Doc. 13.

[3] Rec. Doc. 15.

42 U.S.C. § 1983 (emphasis added).  The Orleans Parish Prison is merely a building, not a "person" subject to suit under § 1983.  Bolden v. Orleans Parish Jail, Civ. Action No. 08-0728, 2009 WL 507045, at *2 (E.D. La. Feb. 26, 2009); Glenn v. Louisiana, Civ. Action No. 08-4817, 2009 WL 382680, at *2 (E.D. La. Feb. 11, 2009); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 n.3 (E.D. La. July 25, 2008); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007).  Accordingly, the claims against the Orleans Parish Prison must be dismissed.

## II.  Claims Against Sheriff Marlin Gusman

It is not clear from the complaint whether plaintiff intended to sue Sheriff Gusman in his individual capacity, his official capacity, or both.  However, as the defendants correctly argue in their motion, plaintiff has failed to state a proper claim against Gusman in either capacity.[4]

Clearly, plaintiff has not stated a proper individual-capacity claim against Gusman. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff has made no factual allegations against Gusman himself, nor has he alleged that Gusman was in any way personally aware of or involved in the purported constitutional violations

---

[4] Because the Court finds that dismissal is appropriate on that basis, the alternative arguments set forth in the defendants' motion need not be addressed.

3

in this case. Further, although Gusman is the head of the Orleans Parish Prison system, that fact alone is not a sufficient basis for liability, in that a supervisory official may not be held liable pursuant to § 1983 under any theory of strict liability[5] or vicarious liability[6] for federal civil rights violations allegedly committed by his subordinates.

Plaintiff likewise has not stated a proper claim against Sheriff Gusman in his official capacity. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The

---

[5] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[6] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

> description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.

As to plaintiff's claims concerning medical care at the prison, he does not allege that the purported denial of medical care resulted from a policy or custom, much less identify such a policy or custom. Therefore, clearly, no proper official-capacity claim has been stated with respect to that issue.

Plaintiff also does not expressly allege that there was an official policy or custom in place within the Orleans Parish Prison system concerning the use of inmates to cut hair and serve food. Nevertheless, even if the Court were to assume for the purposes of this decision that there was indeed a policy or custom within the Orleans Parish Prison system to use prisoners to perform those duties, such policies or customs are neither uncommon nor, more importantly, unconstitutional in and of themselves. See, e.g., Davis v. St. Charles Parish Corr. Center, Civ. Action No. 10-98, 2010 WL 890980, at *5 (E.D. La. Mar. 8, 2010) (rejecting claim challenging the use of trustee inmates to serve as unlicensed barbers); see also Lathers v. Nelson Coleman Corr. Ctr., Civ. Action No. 10-

128, 2010 WL 1489903, at *6 (E.D. La. Mar. 22, 2010) ("There is nothing in the federal constitution which requires that prisons use only licensed barbers ...."), adopted, 2010 WL 1485468 (E.D. La. Apr. 13, 2010);

That, of course, is not to say that such policies or customs could not in *some* circumstances serve as a basis for a constitutional claim. For example, if a particular policy or custom was written or implemented in a manner which posed a substantial risk of serious harm to inmates, it could be subject to challenge in that limited circumstance. See, e.g., Johnson v. Epps, 479 Fed. App'x 583, 590-91 (5th Cir. 2012) (prisoner who alleged that prison policy requiring barbers to use contaminated equipment stated a claim). However, *even if* plaintiff's claims were broadly construed in that manner, it would not aid him. Because he is no longer incarcerated within the Orleans Parish Prison system, he is ineligible for injunctive or declaratory relief. See, e.g., Smith v. City of Tupelo, Mississippi, 281 Fed. App'x 279, 282 (5th Cir. 2008) ("A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility."); see also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000). Further, because there is no indication that he was ever actually harmed by the use of prisoners to cut hair or serve food, there would be no basis for awarding him compensatory damages based on those practices. See Memphis Community School District v. Stachura, 477 U.S. 299, 308 (1986) (where there is no injury, no compensatory damages can be awarded).

Accordingly,

**IT IS ORDERED** that the defendants' motion for judgment on the pleadings, Rec. Doc. 13, is **GRANTED**, and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this sixth day of December, 2013.

**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**